# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 6, 2011

No. 11-30640
Summary Calendar

Lyle W. Cayce
Clerk

CURTIS PACE; DOROTHY PACE,

Plaintiffs-Appellants

v.

STATE FARM FIRE & CASUALTY COMPANY; JOHN E. MCAULIFFE, JR.;
KEVIN A. SCHNYDER; SCHNYDER'S FLEET REPAIR, L.L.C., doing
business as Schnyder's Decal Garage; STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY; PHILIP W. BANKSTON; PHILIP
W. BANKSTON INSURANCE AGENCY, INCORPORATED,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-387

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Curtis and Dorothy Pace appeal from the district court's order granting summary judgment in favor of the defendants in their suit alleging fraud in connection with the settlement of an underlying personal injury suit. The point

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30640

of contention is the amount of insurance coverage that was available to defendants Kevin Schnyder and Schnyder's Fleet Repair, L.L.C. on the date of an automobile accident between the plaintiffs and Schnyder.  Plaintiffs contend that State Farm had issued a policy with $1 million in coverage to Schnyder but fraudulently misled them into believing the policy's limits were only $300,000.  We AFFIRM the district court's judgment for essentially the same reasons stated in the district court's opinion.

The unambiguous policy documents show that on the date of the accident State Farm had issued a policy to Schnyder with coverage of $300,000.  An amended declarations page, referencing the same policy number, shows that four months after the accident, the policy limits were amended to $1 million, the name of the insured was changed to Schnyder's business, and an additional premium was charged to Schynder.  There is no evidence supporting the plaintiffs' contentions that there were two separate policies, that there was $1 million in coverage available on the date of the accident, or that the defendants fraudulently altered the policy documents.  Plaintiffs' speculative assertions and arguments to the contrary are insufficient to defeat summary judgment.  *See Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 165 (5th Cir. 2011) ("Conclusional allegations and denials, speculation, and unsupported assertions are insufficient to avoid summary judgment.").  Because the unambiguous policy documents do not support plaintiffs' case, summary judgment was proper.  *See* LA. CIV. CODE. art. 2046 ("When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent.").

AFFIRMED.